# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                          No. CR 08-1971 JB

RICARDO DURAN-MORENO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in Limine to Preclude Defendant from Offering Certain Evidence, filed March 10, 2009 (Doc. 47)("Motion").  The Court held a hearing on March 12, 2009.  The primary issue is whether the Court should exclude evidence that a third-party, Santos Salazar, who previously owned the vehicle Defendant Ricardo Duran-Moreno was driving at the time he was arrested for drug possession, was convicted of drug distribution.  Because the Court concludes that Duran-Moreno is not offering the evidence of Salazar's crime solely or necessarily to prove that Salazar acted in conformity with a propensity to commit crime, and because the evidence is relevant and has probative value that is not substantially outweighed by the dangers of confusion or delay, the Court will deny the motion in limine.

## FACTUAL AND PROCEDURAL BACKGROUND

Duran-Moreno is charged with possession with intent to distribute 500 or more grams of methamphetamine and possession with intent to distribute cocaine.  According to the United States, Duran-Moreno was driving an Impala which had large amounts of methamphetamine and cocaine hidden in the bumper.  This same Impala was previously owned by Salazar, who was convicted of possessing with intent to deliver methamphetamine in Iowa on May 20, 2008.  Believing that Duran-

Moreno will attempt to introduce Salazar's conviction at trial, the United States moves the Court to exclude the conviction as irrelevant, confusing, and improper under rule 404(b) of the Federal Rules of Evidence.

The United States asserts that, on three days in February 2008, law enforcement officers in Des Moines, Iowa conducted three controlled purchases of methamphetamine from Salazar at his home in Des Moines.  <u>See</u> Motion at 2.  Each of the purchases was for $200.00.  <u>See</u> <u>id.</u>  Upon executing a search warrant of Salazar's house, officers uncovered six ounces of methamphetamine in a false-bottomed can in the kitchen and two unloaded handguns.  <u>See</u> <u>id.</u>

Salazar bought the Impala August 15, 2007.  <u>See</u> Motion at 3.  He apparently owned the car for about two months before selling it to another person, without, according to the recorded odometer readings, having driven the car much.  <u>See</u> <u>id.</u>  The United States asserts that the car passed through at least one other pair of hands before coming to Duran-Moreno.  <u>See</u> <u>id.</u>

The United States contends that Salazar's conviction is irrelevant.  The United States points out that Salazar sold and possessed small amounts of methamphetamine kept in his home, whereas Duran-Moreno is charged with having large quantities of methamphetamine and cocaine in his car. <u>See</u> <u>id.</u> at 3-4.  The United States argues that, even if the conviction is relevant, it has little probative value and notes that the controlled purchases, arrest, and conviction all occurred after Salazar sold the Impala.  This minimal probative value, the United States contends, is substantially outweighed by the confusion of issues it may engender and its danger of creating a trial within a trial. Furthermore, the United States maintains that the conviction is for a crime insufficiently similar to the charged offenses here and inadmissible under rule 404(b).  <u>See</u> Motion at 5-6.  Duran-Moreno filed a written response, invoking his constitutional right to present a defense.  <u>See</u> Response to Motion in Limine to Exclude Evidence of Defense at 1-4, filed March 11, 2009 (Doc. 51).

At the hearing, the Court and the parties focused on the reverse 404(b) issue.  Joel R. Meyers, the Assistant United States Attorney, argued that, in addition to being dissimilar from the charged crimes, Duran-Moreno's proposed use for Salazar's conviction would be an attempt to prove that Salazar acted in conformity with other acts.  See Transcript of Hearing at 29:2-16 (Meyers)(taken March 12, 2009)("Tr.").[1]  Kari Converse, Duran-Moreno's counsel, stated that she had not really analyzed the issue as one under rule 404(b) and requested permission to send a letter to the Court about what her purpose for the evidence would be, which the Court granted.  See Tr. at 34:2-16 (Converse & Court).  Ms. Converse also stated that one of the reasons she found the conviction particularly relevant was that Salazar was serving a twenty-five year sentence in Iowa for drug trafficking.  See id. at 32:18-33:1 (Converse).  Mr. Meyers argued that, realistically, under Iowa law, such a sentence translated to only a few years of actual jail time and that getting into those issues would be a significant detour from the trial.  See id. at 35:1-12 (Meyers).  Ms. Converse agreed that the length of sentence was unnecessary for her point and that it could be excluded.  See id. at 35:25-36:1 (Converse).

After the hearing, Ms. Converse sent a letter to the Court.  She states that Salazar's conviction was "relevant to demonstrate that another person with access to the car had knowledge of methamphetamine and drugs, and the intent, opportunity, and ability to deal in drugs."  Letter from Kari Converse to the Court at 2 (dated March 12, 2009)(Doc. 58)("Letter").  Additionally, she contends that, because methamphetamine, but not a methamphetamine laboratory, was found in Salazar's home, which is accessible only by road,  "it is *extremely* likely that drugs reached and left Salazar's neighborhood by car."  Id. (emphasis in original).

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

## LAW REGARDING APPLICATION OF RULE 404(b)

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Rule 404(b) of the Federal Rules of Evidence provides:

> **(b) Other Crimes, Wrongs, or Acts.** -- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

Rule 404(b) states that evidence of other crimes or wrongs may not be introduced against a person to show that, upon a later occasion, he or she acted in conformity with that prior behavior except to prove a number of enumerated issues.  A party introducing 404(b) evidence must show that: (i) the evidence is introduced for a proper purpose; (ii) the evidence is relevant; (iii) the evidence has probative value that is not substantially outweighed by the potential for unfair prejudice; and (iv) the party introducing the evidence must precisely articulate the purpose for which the evidence is offered and the court must identify the purpose for which the evidence is admitted. See United States v. Hardwell, 80 F.3d 1471, 1488 (10th Cir. 1996)(citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)).

Rule 404(b)'s prohibition finds its source in the common-law protection of the criminal defendant from risking conviction on the basis of evidence of his character.  See C. Wright & K. Miller, Federal Practice and Procedure: Evidence § 5239, at 428, 436-37 & 439 (1991); United States v. Dudek, 560 F.2d 1288, 1295-96 (6th Cir. 1977).  In United States v. Phillips, 599 F.2d 134 (6th Cir. 1979), the United States Court of Appeals for the Sixth Circuit noted, in addressing rule 404(b)'s precepts, that the rule addresses two main policy concerns:

> (1) that the jury may convict a "bad man" who deserves to be punished not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that because the accused committed other crimes he probably committed the crime charged.

United States v. Phillips, 599 F.2d at 136.

Accordingly, some courts have found that the standards for admission of evidence to show conduct in conformity with prior conduct relaxed when the defendant attempts to offer rule 404(b) evidence.  The United States Court of Appeals for the Second Circuit, in United States v. Aboumoussallem, 726 F.2d 906 (2d Cir. 1984), undertook an early analysis of the admissibility of prior-crimes evidence that the defendant proffered.  The Second Circuit noted:

> [W]e believe the standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when the prosecution uses such evidence as a sword.  The prosecution, in the Anglo-American tradition, may not ordinarily offer evidence of a defendant's prior wrongdoing for the purpose of persuading the jury that the defendant has a propensity for crime and is therefore likely to have committed the offense for which he stands trial.  As Dean Wigmore points out, the evidence "is objectionable not because it has no appreciable value but because it has too much."  Presumably, the "too much" argument means that a guilty person, and, of far more serious concern, an innocent person, may be convicted primarily because of the jury's willingness to assume his present guilt from his prior misdeed.  Wigmore also identifies objections based on the risk that the jury will convict because the defendant may not have been punished for his prior offenses and the injustice of requiring the defendant to defend against a series of accusations. . . . However, the risks of prejudice are normally absent when the defendant offers similar acts evidence of a third party to prove some fact pertinent to the defense.  In such cases the only issue arising under Rule 404(b) is whether the evidence is

relevant to the existence or non-existence of some fact pertinent to the defense.

726 F.2d at 911-12 (citations and footnotes omitted).

Similarly, the United States Court of Appeals for the Fifth Circuit in United States v.

Krezdorn, 639 F.2d 1327 (5th Cir. 1981), cert. denied, 465 U.S. 1066 (1981), noted:

> The extrinsic acts rule is based on the theory that the jury will use evidence that the defendant has, at other times, committed bad acts to convict him of the charged offense. Consequently, the only purpose served by extrinsic offense evidence is to demonstrate the propensity of the defendant to act in a certain way, the evidence must be excluded. When, however, the extrinsic offense was not committed by the defendant, the evidence will not tend to show that the defendant has a criminal disposition and that he can be expected to act in conformity therewith. When the evidence will not impugn the defendant's character, the policies underlining 404(b) are inapplicable.

639 F.2d at 1332-33 (internal citations and quotations omitted). In addition to the Second and Fifth

Circuits, the United States Courts of Appeals for the First, Third, Seventh, and Eleventh Circuits

have determined that rule 404(b) is inapplicable to admissibility of evidence of acts of third parties.

See United States v. Reed, 259 F.3d 631, 634 (7th Cir. 2001)("In deciding whether to admit such

evidence, a district court should balance the evidence's probative value under Rule 401 against

considerations such as prejudice, undue waste of time and confusion of the issues under Rule 403.");

United States v. Morano, 697 F.2d 923, 926 (11th Cir. 1993)("But although Rule 404(b) does not

control this situation, the exceptions listed in the Rule should be considered in weighing the balance

between the relevancy of this evidence and its prejudice under Rule 403."); United States v. Steven,

935 F.2d 1380, 1401-1406 (3d Cir. 1991)("[A] defendant may introduce "reverse 404(b)" evidence

so long as its probative value under Rule 401 is not substantially outweighed by Rule 403

considerations."); United States v. Gonzales-Sanchez, 825 F.2d 572, 582 n.25 (1st Cir.

1987)("Inasmuch as this evidence does not concern past criminal activity of [the defendant], Rule

404(b) is inapplicable."), cert. denied, 484 U.S. 989 (1987). In United States v. Stevens, the Third

Circuit also held that a lowered standard of similarity between the crime before the federal court and the "other crimes evidence" governed "reverse 404(b)" evidence because prejudice to the defendant is not a factor.  935 F.2d at 1403.

The United States Court of Appeals for the Tenth Circuit has held that rule 404(b)'s prohibition applies to a defendant who wishes to introduce evidence of wrongdoing by another to establish his innocence.  See United States v. Puckett, 692 F.2d 663, 671 (10th Cir. 1982), cert. denied, 459 U.S. 1091 (1982).  In United States v. Puckett, a Defendant, Mauzy, sought to introduce evidence that he had been "conned" by his co-Defendant, Puckett, in transactions unrelated and dissimilar to the crimes charged in the indictment.  692 F.2d at 670.   The trial court did not allow Mauzy to present the evidence.  See id. at 670.  "The trial court did not permit Mauzy . . . to call certain witnesses who would testify that they too had been 'conned' by Puckett in transactions unrelated and dissimilar to the crimes charged in the indictment." 692 F.2d at 670.

Mauzy contended on appeal in United States v. Puckett that "the refusal to admit this evidence violate[d] his due process right to present a defense."  Id. at 670-71.  The Tenth Circuit affirmed.  See id. at 671.  The Tenth Circuit noted that the 404(b) evidence offered by Mauzy pertained to activities by Puckett that were "unrelated and dissimilar to the charges alleged in the indictment."  United States v. Puckett, 692 F.2d at 670.  Mauzy argued that rule 404(b) did not govern the admissibility of the evidence because he contended that it did not apply "to situations in which a defendant wishes to introduce evidence of wrongdoing by another person in order to establish his own innocence."  Id. at 671.  The Tenth Circuit indicated that it was "not inclined to interpret [rule 404(b)] so narrowly."  Id.  The Tenth Circuit explained that its review of the "Advisory Committee Notes on the Proposed Rules [of Evidence] indicate[d] that the members of the committee were concerned not only with the prejudicial impact to a defendant in admission of

extrinsic acts as evidence, but also with its limited probative value." Id.  The Tenth Circuit held that the trial court properly rejected the evidence as irrelevant, "[p]articularly . . . [where] the evidence offered by Mauzy pertained to activities by [his co-conspirator that were] unrelated and dissimilar to the charges alleged in the indictment."  Id. at 671.

Since United States v. Puckett, the Tenth Circuit has considered the admissibility of prior acts proffered by the defendant, often referred to as "reverse 404(b)" evidence.  In United States v. Montelongo, 420 F.3d 1169 (10th Cir. 2005), police found ninety-three kilograms of marijuana in the sleeping compartment of the semi-truck that the defendants were driving.  See id. at 1171.  The owner of the truck testified for the United States, and stated that he "had inspected the truck just before [the defendants] picked it up and had found no marijuana in it."  Id. at 1172.  The defendants then made a "reverse 404(b)" argument.  420 F.3d at 1174.

The relevant issue in United States v. Montelongo was whether the defendants could cross examine the owner of the truck that the defendants were driving about a prior incident which occurred "a few months" earlier.  420 F.3d at 1172.  The defendants sought to introduce evidence of a prior incident which occurred a few months before their arrest and which involved marijuana that was found in the sleeping compartment in a different semi-truck that the truck owner possessed. See id. at 1175.  The Tenth Circuit reversed the trial court's refusal to allow cross examination by the defendants regarding "the fact that thirty-four pounds of marijuana were found in duffle bags in the sleeping compartment of a truck owned by [the government witness] just a few months prior to the Defendants' arrests for nearly identical conduct" to defend against a conspiracy to distribute more than fifty grams of marijuana.  Id. at 1176.

The Tenth Circuit began its analysis in United States v. Montelongo by noting that rule 404(b)

> is typically used by prosecutors seeking to rely on a criminal defendant's prior bad act as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident in the crime charged.  The Rule is not so limited in its application, however, and evidence of a witness' other wrongs, acts, or crimes is admissible "for defensive purposes if it tends, alone, or with other evidence, to negate the defendant's guilt of the crime charged against him."

Id. at 1174.  The Tenth Circuit also noted that "[o]ther circuit courts addressing the issue hold that admissibility of reverse 404(b) evidence depends on a 'straightforward balancing of the evidence's probative value against considerations such as undue waste of time and confusion of the issues.'" Id. (quoting United States v. Stevens, 935 F.2d at 1404-1405).  The Tenth Circuit held that the evidence of the marijuana previously found in another truck owned by the truck owner was relevant to the defendants' defense that they had no knowledge of the marijuana packed in the truck they were driving.  See United States v. Montelongo, 420 F.3d at 1174.   The Tenth Circuit noted that, "[i]n this way, the previous case is relevant as it tends to make it less probable that the defendants knowingly possessed the marijuana or that they knowingly and voluntarily involved themselves in a drug conspiracy."  Id. at 1173.  The Tenth Circuit in United States v. Montelongo looked at the similarities between the charged matter and the previous incident.  See id. at 1174-75. The Tenth Circuit noted that there were several similarities between the two crimes and that the jury could believe that the owner had packed the marijuana in the semi-truck.  See id.

Specifically, the Tenth Circuit in United States v. Montelongo noted "the similarities between the two crimes and their temporal proximity . . . makes th[e] evidence probative."  Id. at 1174.  The Tenth Circuit based its opinion on common facts with the prior incident, such as: (i) both trucks were owned by the same person; (ii) the marijuana was packed in duffle bags; and (iii) the marijuana was hidden in the sleeping compartment of the cabin of both tractors.  See id. at 1172. While the Tenth Circuit did not expressly state that a lower standard of similarity applies in reverse

404(b) situations, the Tenth Circuit cited United States v. Stevens, 935 F.2d at 1404 for the proposition that that "the similarities . . . make[] th[e] evidence probative" and quoted United States v. Stevens, in a parenthetical following the cite to the Third Circuit case, stating "'a lower standard of similarity [between the crime at issue and 'other crimes' evidence] should govern 'reverse 404(b)' evidence because prejudice to the defendant is not a factor." United States v. Montelongo, 420 F.3d at 1174-75 (quoting United States v. Stevens, 935 F.2d at 1404).

Lastly, the Tenth Circuit noted that the relevance of the proffered evidence was "not substantially outweighed by the risk of confusing the jury or the potential waste of time." United States v. Montelongo, 420 F.3d at 1175. It noted that there was no danger of the jurors being distracted from the real issues in the case because of the similarities between the charged crime and the previous incident. See id. "To the contrary, [the 404(b) evidence] would have highlighted the central issue at trial -- namely, which man was responsible for the contraband." Id. The Tenth Circuit focused on the question of the evidence's admissibility in the context of the protections afforded by the Sixth Amendment's Confrontation Clause and cross-examination, and found that the "District Court erred in preventing the defendants from cross-examining [the truck owner] based on Rule 404(b)." United States v. Montelongo, 420 F.3d at 1175.

In Agushi v. Duerr, 196 F.3d 754 (7th Cir. 1999), the United States Court of Appeals for the Seventh Circuit decided, as a matter of first impression, that rule 404(b) applied to acts of third parties. See 196 F.3d at 760. The Seventh Circuit began its analysis by noting that "[r]ule 404(b) speaks not of the parties to a case but of a 'person.'" Id. (quoting Fed. R. Evid. 404(b)). The Seventh Circuit noted that "[e]vidence regarding other crimes is admissible for defensive purposes if it 'tends, alone or with other evidence, to negate [the defendant's] guilt of the crime charged against him.'" Id. (quoting United States v. Stevens, 935 F.2d at 1404)). The Seventh Circuit

explained that, although Huddleston v. United States, 485 U.S. 681 (1988), "involved a situation in which the defendant was the actor, the Court strongly suggested that Rule 404(b) should be applied to any *actor*."  Agushi v. Duerr, 196 F.3d at 760 (emphasis in original)(relying on Huddleston v. United States, 485 U.S. at 685-86)("Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.").  The Seventh Circuit concluded that, "[b]ased on the Supreme Court's guidance, our sister circuit's reasoning . . . as well as the very language contained in Rule 404(b), we hold that Rule 404(b) does apply to third parties." Agushi v. Duerr, 196 F.3d at 760.

In 2005, the Seventh Circuit, however, disagreed with a district court's evidentiary ruling that held the defense to as rigorous a 404(b) standard as the United States.  See United States v. Seals, 419 F.3d 600, 607 (7th Cir. 2005)("Contrary to the district court's statement, the defense is not held to as rigorous of a standard as the government in introducing reverse 404(b) evidence.")(citing Agushi v. Duerr, 196 F.3d at 760).  The Seventh Circuit, however, affirmed the district court's decision to exclude the proffered evidence because it was irrelevant and inadmissible. See United States v. Seals, 419 F.3d at 607.  It noted that the similarities between the charged conduct and the previous incident were generic, because the underlying facts were dissimilar.  See id.  The Seventh Circuit explained that, although "the legal standard for admitting reverse 404(b) evidence is relatively lenient, the evidence still must be relevant."  419 F.3d at 607.

In United States v. McCourt, 925 F.2d 1229 (9th Cir. 1991), the United States Court of Appeals for the Ninth Circuit recognized that rule 404(b) makes no distinction between defendants and third parties in excluding prior-acts evidence to show criminal propensity or as a basis for suggesting the inference that certain conduct was in conformity with it.  See 925 F.2d at 1232

("Because Rule 404(b) plainly proscribes other crimes evidence of 'a person,' it cannot reasonably be construed as extending only to 'an accused.'")(quoting Fed. R. Evid. 404(b)).  There is, however, no exception in rule 404(a) that would permit the use of evidence to show a third person's character for the inference that this person acted in conformity with his character and committed the crime with which defendant is charged.[2]  See id. at 1231-32 n. 2 (citing 2 J. Weinstein & M. Berger, Evidence ¶ 404[04], at 404-39-40 (1989)).

In United States v. Stevens, the defendant sought to introduce testimony by a victim of a crime different from the one with which the defendant was charged where the victim "was the victim of a crime which was so similar to the instant crime that the investigating officers believed that the

---

[2] Rule 404(a) reads:

> **(a) Character evidence generally.** --Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> **(1) Character of accused.** --In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution;
>
> **(2) Character of alleged victim.** --In a criminal case, and subject to the limitations imposed by Rule 412, evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor;
>
> **(3) Character of witness.** --Evidence of the character of a witness, as provided in Rules 607, 608, and 609.

same individual had committed both" and the victim "would have testified that he, unlike the [other] victims[,] . . . did not identify [the defendant] as his assailant."  935 F.2d at 1383.  "The critical question [wa]s, of course, one of degree of similarity."  Id. at 1401.  The Third Circuit held that the "district court imposed too stringent a standard of similarity on [the defendant]."  Id. at 1404.  The Third Circuit held that "a lower standard of similarity should govern 'reverse 404(b)' evidence because prejudice to the defendant is not a factor."  Id.  The Third Circuit then stated that "a defendant may introduce 'reverse 404(b)' evidence so long as its probative value under Rule 401 is not substantially outweighed by Rule 403 considerations."  Id. at 1405.  The Third Circuit rejected the United States' contention that a defendant may offer rule 404(b) evidence only under "hard and fast preconditions," and stated:

> More specifically, the defendant, in order to introduce other crimes evidence, need not show that there has been more than one similar crime, that he has been misidentified as the assailant in a similar crime, or that the other crime was sufficiently similar to be called a "signature" crime. These criteria, although relevant to measuring the probative value of the defendant's proffer, should not be erected as absolute barriers to its admission.  Rather, a defendant must demonstrate that the "reverse 404(b)" evidence has a tendency to negate his guilt, and that it passes the Rule 403 balancing test.

Id.  The Third Circuit determined that the defendant's proffer was relevant under rule 401 because it made his guilt less probable.  See id. at 1405-06.  It then determined that the proffer did not present a risk of mini-trials or obstruction to the orderly progress of trial.  See id.  The Third Circuit emphasized that its "resolution of this issue [wa]s informed by [its] general belief that a criminal defendant should be able to advance any evidence that, first, rationally tends to disprove his guilt, and second, passes the Rule 403 balancing test."  Id. at 1406.

In United States v. Moreau, 2008 WL 2229467 (D.N.M.)(Browning, J.), this Court confronted a similar situation to the one presented here.  The defendants were charged after they

were stopped while driving a tractor-trailer rig whose trailer, in addition to pallets of fabric, contained 2700 pounds of marijuana.  See id. at *2.  One defendant wished to introduce evidence that the owner of the warehouse from which the fabric was loaded, who was to be a witness at the trial, had been convicted or arrested as a result of past incidents of drug trafficking, all of which occurred many years before the defendants' arrest.  See id. at *1-2.  The Court held that the evidence of the owner's past bad acts was sufficiently similar to the charged conduct and was probative whether one of the defendants was unaware of the marijuana being placed in the trailer, to be admissible under rule 404(b).  See United States v. Moreau, 2008 WL 2229467 at *14-15.

## LAW REGARDING CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE

Both the Fifth and Sixth Amendments to the United States Constitution protect a defendant's right to have a meaningful opportunity to present a defense.  See Crane v. Kentucky, 476 U.S. 683, 690 (1986).  The Tenth Circuit has explained

> The Fifth (or Fourteenth if a state is involved) and Sixth Amendments concomitantly provide a criminal defendant the right to present a defense by compelling the attendance, and presenting the testimony, of his own witnesses.  The Supreme Court's broad reading of the Sixth Amendment's Compulsory Process Clause, establish[es], at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt.

United States v. Serrano, 406 F.3d 1208, 1215 (10th Cir. 2005)(internal citations and quotations omitted).  The Tenth Circuit clarified that "[a] defendant's right to present a defense, however, is not absolute."  Id.  The Tenth Circuit explained that a defendant's right to present a defense does not displace traditional testimonial privileges.  See id.  "A defendant has a right based on the Fifth and Sixth Amendments to testify and to call witnesses in his favor. These rights are not without limitation, however."  United States v. Talamante, 981 F.2d 1153, 1157 (10th Cir. 1992).  See

United States v. Wilson, 307 F.3d 596, 601 (7th Cir. 2002)(holding that the defendant's Sixth Amendment right to present a defense was not violated by the trial court's exclusion of reverse 404(b) evidence because "the evidence that [the defendant] wished to offer would not have played a major role in disproving his guilt.").

## ANALYSIS

Rule 404(b) evidence is analyzed under a four-part test: (i) whether the evidence is introduced for a proper purpose; (ii) whether the evidence is relevant; (iii) whether the evidence has probative value that is not substantially outweighed by the potential for unfair prejudice; and (iv) whether the party introducing the evidence has precisely articulated the purpose for which the evidence is offered.  See United States v. Hardwell, 80 F.3d at 1488.  Parts two and three of the test effectively incorporate rules 402 and 403.  While the parties disagree whether proof of Salazar's conviction is actually 404(b) evidence, it is likely that Duran-Moreno must overcome that particular hurdle.  Duran-Moreno is able to carry his burden under rule 404(b) and the United States is unable to show that the evidence should be otherwise excluded on rule 403 or 404(b) grounds.  Accordingly, the Court will not preclude Duran-Moreno from introducing Salazar's conviction into evidence at trial.

## I.   EVIDENCE OF SALAZAR'S CONVICTION IS NOT INADMISSIBLE UNDER RULE 402 OR RULE 403.

In addition to the United States' contention that rule 404(b) governs the admissibility of Salazar's conviction, the United States has challenged the evidence under rules 402 and 403.  Rule 402 states that evidence that "is not relevant is not admissible." Fed. R. Evid. 402.  Rule 403 allows for the exclusion of relevant evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

Salazar's' conviction is relevant evidence.  Relevant evidence is "evidence having <u>any</u> tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added).  Duran-Moreno is correct that Salazar's past ownership of Duran-Moreno's Impala and his dealing in methamphetamine has a tendency to "demonstrate that another person with access to the car had knowledge of methamphetamine and drugs, and the intent, opportunity, and ability to deal in drugs."  Letter at 2.

The evidence about Salazar's prior involvement with drug trafficking is also relevant to Duran-Moreno's intent.  Because Duran-Moreno is contending that he had possession of the drugs in the Impala because of some accident or mistake, and not intentionally, he needs to establish that someone else put the drugs there for his defense to be credible.  The evidence has "a tendency to make" Salazar's involvement in this case "more probable than it would be without the evidence." Fed. R. Evid. 401.

The United States' arguments against this conclusion go mostly to the weight of the evidence and are not sufficient to persuade the Court that evidence about Salazar's deeds is so attenuated from any issue in this case as to be irrelevant.  A small amount of methamphetamine hidden in a can and a large amount of cocaine and methamphetamine hidden in a car's bumper are certainly two different things.  The two scenarios are not completely dissimilar, however.  They both involve concealing drugs and both are indicative of trafficking or dealing in drugs.  Moreover, the combination of experience in the drug trade and access to the Impala makes it at least somewhat "more probable" that Salazar placed the drugs in the Impala. Fed. R. Evid. 401.  The Court cannot say that the evidence is completely irrelevant.

Nor can the Court say that the risk of confusion or other rule 403 factors "substantially

outweigh[s]" the probative value of Salazar's conviction.  Fed. R. Evid. 403.  Seeking to diminish

the probative value of the evidence, the United States focuses on Salazar's apparently minimal use

of the Impala while he owned it, and especially on the unlikelihood that Salazar would forget or not

care that he had left a considerable amount of narcotics in the car he was selling.  While the Court

agrees that these factors, particularly the latter point, tend to reduce the weight of the evidence, the

dangers of introducing the evidence are not as great as the United States predicts.[3]

Ms. Converse has agreed not to introduce evidence about the length of Salazar's sentence,

which is perhaps the issue that the United States was most worried might lead the trial astray.  The

Court does not believe that the relatively straightforward facts about Salazar's ownership and his

conviction will be difficult for the jury to digest.  Nor does the Court believe that the jury is likely

to be confused.  Juries tend to take their tasks very seriously, and from what the Court has heard,

the facts of this case and the facts about Salazar's conviction are not likely to become muddled in

any juror's mind.

Even if the Court credits the United States' arguments about the probative value of the

conviction, the risks inherent to introducing that evidence do not strike the Court as being very

significant.  When the probative value and risk are compared, the Court cannot say that the risk is

substantially greater than the probative value.  The Court will therefore not exclude Salazar's

conviction under rule 402 or 403. For essentially the same reasons, the Court also finds that Duran-

Moreno has met the second and third prongs of the test for admitting 404(b) evidence.

---

[3] The United States also argues that, even if Salazar placed the drugs in the Impala, that would not necessarily prove that Duran-Moreno was unaware of the drugs.  This contention is true. It is also true, however, that someone else's placing the drugs in the Impala would corroborate Duran-Moreno not having knowledge of the drugs or help undercut the circumstantial evidence of knowledge of the drugs that Duran-Moreno's possession of the car entails.

## II.   EVIDENCE OF SALAZAR'S CONVICTION IS ADMISSIBLE UNDER RULE 404(b).

The United States argues, with considerable support, that rule 404(b) governs the admissibility of the proffered evidence and that this evidence must meet the enumerated purposes set forth in the rule.  United States v. Puckett provides support for that proposition.  Moreover, the Court is not prepared to say, without more explicit direction from the Tenth Circuit, that it should adopt a relaxed standard for reverse 404(b) evidence.  While the Court, under United States v. Montelongo, feels comfortable using a relaxed standard of similarity, the Court believes that the usual standards for rule 404(b) are necessary.  Thus, the standards governing 404(b) evidence applicable to Duran-Moreno's proffer of Salazar's criminal history.

### A.   A RULE 404(b) ANALYSIS IS REQUIRED TO DETERMINE THE ADMISSIBILITY OF THE PROFFERED EVIDENCE.

Duran-Moreno takes the position that rule 404(b) does not apply to the evidence he seeks to introduce.  In the Tenth Circuit, rule 404(b) applies to evidence that a defendant offers.  See United States v. Puckett, 692 F.2d at 671.  While the posture is somewhat different here, because the person whose bad acts Duran-Moreno wants to introduce is not a witness,[4] rule 404(b) refers broadly to "[e]vidence of other crimes, wrongs, or acts . . . of a person . . . ."  On its face, rule 404(b) is not only not limited to evidence about a defendant, it is not limited to evidence about a witness. Assuming rule 404(b) applies here, evidence of Salazar's conviction is nonetheless admissible.

The Tenth Circuit has indicated that rule 404(b) is applicable to evidence a defendant wishes to introduce that relates to wrongdoing by another to establish his innocence.  See United States v. Puckett, 692 F.2d at 671.  The Tenth Circuit explained in  United States v. Puckett that its review

---

[4] At the hearing, the Court inquired how Duran-Moreno intended to introduce his evidence. Ms. Converse indicated that Salazar was in prison, had not been subpoenaed for trial, and would not be a witness at trial.  See Tr. at 23:5-7 (Converse).

of the "Advisory Committee Notes on the Proposed Rules [of Evidence] indicate[d] that the members of the committee were concerned not only with the prejudicial impact to a defendant in admission of extrinsic acts as evidence, but also with its limited probative value." Id. at 671. Additionally, the Tenth Circuit indicated in United States v. Montelongo that rule 404(b) "is not so limited in its application, however, and evidence of a witness' other wrongs, acts, or crimes is admissible for defensive purposes if it tends, alone, or with other evidence, to negate the defendant's guilt of the crime charged against him." 420 F.3d at 1174.  Furthermore, the plain language of rule 404(b) indicates that it applies to "persons," and applies to civil and criminal cases.

The Court is reluctant to distinguish the plain language of the rule and the decisions by the Tenth Circuit in other cases because of policy reasons.  While there may be good reasons not to apply rule 404(b) to persons other than the defendant, the rules have not gone that far.  Thus, the Court concludes that rule 404(b) governs the admissibility of prior wrongdoing by others, even if proffered by the defendant.

## B.   DURAN-MORENO PROVIDES A PROPER PURPOSE FOR THE EVIDENCE.

While Duran-Moreno may not introduce the evidence for the improper purpose of demonstrating the Salazar acted in conformity with his prior acts, Duran-Moreno may offer the evidence to demonstrate one of the proper purposes recognized under rule 404(b), "such as proof of motive, opportunity, intent, purpose, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  Duran-Moreno has indicated that he intends to introduce the evidence to demonstrate that he was an ignorant and innocent party.  Duran-Moreno has indicated that he will prove his ignorance by offering up the prior acts of Salazar to show Salazar's opportunity, knowledge or plan to distribute drugs.  The Tenth Circuit has previously recognized

-19-

that the introduction of prior acts evidence to make it less probable a defendant knowingly, or knowingly and voluntarily, participated in drug distribution is a proper purpose under rule 404(b). See United States v. Montelongo, 430 F.3d at 1173.

Duran-Moreno's purpose in introducing Salazar's prior conduct -- to show Salazar had the intent, opportunity, ability, and know-how to place the drugs in the Impala -- is a permissible purpose under rule 404(b) and the Federal Rules of Evidence do not otherwise bar the evidence.  Ms. Converse's letter makes it clear that evidence of the conviction is to be used to show "intent, opportunity, and ability . . . ."  Letter at 2.  Involvement in selling drugs would tend to show that someone had the intent, opportunity, and ability to hide drugs in a vehicle.  These are permissible purposes under rule 404(b); they do not necessarily or solely involve trying to prove that Salazar acted in conformity with a character for committing drug crimes.  A person lacking that involvement is less likely to have a reason or the know-how to conceal drugs in a car bumper.  The Court believes that Duran-Moreno has a proper purpose for seeking admission of Salazar's criminal history and that he does not seek to introduce that history solely or necessarily to prove Salazar's conformity therewith.  Because Ms. Converse's letter demonstrates the particular purpose for which the evidence will be used, and because that purpose is permissible, the first and fourth prongs for the admissibility of rule 404(b) evidence are therefore met.  Because the Court concludes that Duran-Moreno has stated a permissible purpose under rule 404(b) for the evidence, that the evidence is relevant, and that the evidence is more probative than prejudicial, the Court will deny the United States' motion on rule 404(b) arguments.

One further issue bears mentioning.  In rule 404(b) situations, including reverse 404(b) situations, courts have paid particular attention, under the relevance requirement, to the similarity of the evidence about the bad act to the charged conduct.  The Tenth Circuit has suggested, although

not specifically held, however, that "a lower standard of similarity . . . should govern 'reverse 404(b)' evidence because prejudice to the defendant is not a factor." United States v. Montelongo, 420 F.3d at 1174-75 (quoting United States v. Stevens, 935 F.3d at 1404).

Under either a relaxed standard or under the usual rule 404(b) standard, the Court concludes that here is a sufficient similarity here. While there substantial differences between Salazar's conduct and the charges here, the Court must be mindful of the standard for showing similarity. Possessing and selling small amounts of methamphetamine from a house is different than having a large amount of methamphetamine and cocaine in a car, but both are drug crimes. Moreover, someone found with a large amount of drugs in their car is likely a drug courier, which is more similar to being a small-time dealer than the disparity in drug amounts might indicate at first glance. The degree of similarity in United States v. Montelongo was certainly greater than here. It is notable, however, that the Tenth Circuit was reversing the exclusion of the evidence in United States v. Montelongo despite the "wide latitude" given to district courts. Id. at 1175 (internal quotation marks omitted). Moreover, while there is no specific number to satisfy temporal proximity, proximity is one of the factors the Court must use in determining the probative value of the proffered evidence. See United States v. Montelongo, 420 F.3d at 1174. The temporal proximity between Salazar's criminal history and Duran-Moreno's charged conduct is less distant the temporal proximity in United States v. Moreau.

In sum, there is sound reason not to allow Duran-Moreno to put on his proposed defense. As required under United States v. Hardwell, the Court will specifically allow the evidence of Salazar's conviction for the limited purpose of showing intent, opportunity, and ability. Additionally, Duran-Moreno will not introduce evidence regarding the length of Salazar's sentence.

-21-

III.     **THE COURT NEED NOT DECIDE WHETHER THE CONSTITUTION REQUIRE THE COURT TO ALLOW DURAN-MORENO TO INTRODUCE THIS EVIDENCE.**

In its pre-hearing response to the United States' motion, Duran-Moreno contended that there is a constitutional foundation for his right to present a defense.  The Tenth Circuit has recognized that the defendant's right to call witnesses in his favor is within the ambit of his constitutional right to present a defense.  See United States v. Talamante, 981 F.2d at 1157 ("A defendant has a right based on the Fifth and Sixth Amendments to testify and to call witnesses in his favor.").  While the Court recognizes that this right is not without limitation, see United States v. Serrano, 406 F.3d at 1215, "[t]he Supreme Court's broad reading of the Sixth Amendment's Compulsory Process Clause, establish[es], at a minimum, that criminal defendants have the right  . . . [to] put before a jury evidence that might influence the determination of guilt."  Id.  The Court is concerned that it may be required to allow Duran-Moreno to present evidence of Salazar's conviction so that he can present his defense that the drugs were in the Impala without his knowing involvement.  Because, however, the Court can fairly base its decision to allow the evidence under rule 404(b), the Court may avoid deciding the constitutional issue.

**IT IS ORDERED** that the United States' Motion in Limine to Preclude Defendant from Offering Certain Evidence is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
   United States Attorney
Reeve Swainston
Joel R. Meyers
   Assistant United States Attorneys
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

-22-

Kari Converse
Margaret Katze
  Assistant Federal Public Defenders
Albuquerque, New Mexico

    *Attorneys for the Defendant*