IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                            No. CR 08-1971 JB

RICARDO DURAN-MORENO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion for Show Cause Hearing and Forfeiture of Appearance Bond, filed April 9, 2009 (Doc. 67). The Court held hearings on May 14, 2009, and June 1, 2009. The primary issue is whether the Court should appoint Isela Moreno, surety for Defendant Ricardo Duran-Moreno, an attorney to represent her in the show cause hearing on the forfeiture of appearance bond. Because the Court concludes that the Criminal Justice Act ("CJA") does not allow expenditure of CJA funds for such purposes, the Court will deny the request for appointment of counsel for Ms. Moreno.

**PROCEDURAL BACKGROUND**

On August 4, 2008, Duran-Moreno was charged with possessing with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). See Criminal Complaint, filed August 4, 2008 (Doc. 1). After a detention hearing, Duran-Moreno was released on conditions. One of the conditions of his release was that he execute an appearance bond in the amount of $10,000.00, with a $1,000.00 deposit. See Order Setting Conditions of Release at 2, filed August 8, 2008 (Doc. 14).

Ms. Moreno, who lives in Birmingham, Alabama, is Duran-Moreno's wife. She signed as the surety on the appearance bond for Duran-Moreno. See Appearance Bond, filed August 8, 2008 (Doc. 16). In the appearance bond, Ms. Moreno, as the surety, promises to pay $10,000.00 if the conditions of the bond are not fulfilled. See id.

Trial was scheduled to begin in this case on March 18, 2009. At Duran-Moreno's request, however, the Court continued the trial to give Duran-Moreno time to investigate evidence the United States had recently produced. See Order Granting Continuance of Trial at 1, entered March 18, 2009 (Doc. 63). Shortly thereafter, Duran-Moreno disappeared. On March 23, 2009, the United States Probation Office petitioned the Court for an arrest warrant for Duran-Moreno, and the Court issued a warrant for Duran-Moreno's arrest that same day. See Warrant for Arrest of Defendant, entered March 23, 2009 (Doc. 66)(Court only). On April 9, 2009, the United States moved to forfeit the appearance bond.

On May 14, 2009, the Court held a hearing on the United States' motion. After the Court called the case, counsel entered their appearance, but Duran-Moreno was not present. Ms. Moreno appeared telephonically. The Court swore in Michael Kagan as the Spanish language interpreter to aid Ms. Moreno.

Kari Converse, counsel for Duran-Moreno, stated that she wished to address the Court on a separate matter before continuing with the hearing. Ms. Converse requested that the Court appoint counsel for Ms. Moreno. Jon Stanford, the Assistant United States Attorney, opposed the request.

The Court stated that it did not see a reason why it should appoint counsel, but conceded that it had not looked at the issue before this request. The Court indicated, however, that it would be surprised if such appointments were generally allowed. The Court stated that it was not prepared to appoint an attorney that day. The question that the Court posed was whether the Court should

-2-

look at this issue further before ruling on the United States' motion.

Mr. Stanford believed that the Court should proceed with the hearing. Ms. Converse argued for continuation of the hearing and requested appointment of counsel for Ms. Moreno. Ms. Moreno addressed the Court and requested legal aid. Ms. Moreno asserted that she needed an attorney to represent her. Following Ms. Moreno's address of the Court, Mr. Stanford and Ms. Converse had no further argument.

The Court continued the hearing on the United States' motion until June 1, 2009, so that it could determine whether it had the power to appoint counsel for Ms. Moreno. The Court expressed skepticism, however, about its ability to appoint CJA counsel for Ms. Moreno and alerted Ms. Moreno that it is very likely she will need to retain counsel if she wants legal advice. After the United States' request, the Court made the finding that Duran-Moreno did not appear and recessed Court.

On June 1, 2009, the Court resumed the hearing. The Court orally ruled that it would not appoint counsel for Ms. Moreno. Neither Ms. Moreno, nor counsel for the United States or for Duran-Moreno, had anything to add. The Court also found that the appearance bond should be forfeited.

## **LAW REGARDING APPOINTMENT OF CJA COUNSEL**

Under the CJA, financially eligible persons receive appointed counsel to assist them. The CJA provides:

(1) Representation shall be provided for any financially eligible person who—

    (A) is charged with a felony or a Class A misdemeanor;

    (B) is a juvenile alleged to have committed an act of juvenile delinquency as defined in section 5031 of this title;

> (C) is charged with a violation of probation;
>
> (D) is under arrest, when such representation is required by law;
>
> (E) is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release;
>
> (F) is subject to a mental condition hearing under chapter 313 of this title;
>
> (G) is in custody as a material witness;
>
> (H) is entitled to appointment of counsel under the sixth amendment to the Constitution;
>
> (I) faces loss of liberty in a case, and Federal law requires the appointment of counsel; or
>
> (J) is entitled to the appointment of counsel under section 4109 of this title [concerning transfers].

18 U.S.C. § 3006A(a)(1). Under subsection (C) of the CJA, "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(C).

The Judiciary Guide to Policy and Procedures provides guidance to judges on a number of issues. The Guide codifies promulgations of both the Judicial Conference of the United States and the Director of the Administrative Office. Part A, Chapter 2, of Volume 7 of the Guide, promulgated by the Judicial Conference of the United States, addresses eligibility for CJA representation. Section 2.01(F) states:

> Other cases or proceedings which may be covered or compensable under the Act include, but are not limited to the following (see also paragraph 2.22B(2)):
>
> * * * *

(5)  Representation may be furnished for financially eligible persons in "ancillary matters appropriate to the proceedings" pursuant to subsection (C) of the Act.

In determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge.

> In determining whether representation in an ancillary matter is appropriate to the proceedings, the court should consider whether such representation is reasonably necessary to accomplish, inter alia, one of the following objectives:

(i)  to protect a Constitutional right;

(ii)  to contribute in some significant way to the defense of the principal criminal charge;

(iii)  to aid in preparation for the trial or disposition of the principal criminal charge;

(iv)  to enforce the terms of a plea agreement in the principal criminal charge;

(v)  to **preserve** the claim of the CJA client to an interest in real or personal property subject to a civil forfeiture proceeding pursuant to 21 U.S.C. § 881, 19 U.S.C. § 1602 or similar statutes, which property, if recovered by the CJA client, may be considered for reimbursement under subsection (f) of the Act and paragraph 2.04 of these **Guidelines**; or

(vi)  to effectuate the return of real or personal property belonging to the CJA client which may be subject to a motion for return of property pursuant to Fed. R. Crim. P. 4l(e), which property, if recovered by the CJA client, may be considered for reimbursement under subsection (f) of the Act and paragraph 2.04 of these **Guidelines**.

The scope of representation in the ancillary matter should extend only to the part of the ancillary matter that relates to the principal criminal charge and to the correlative objective sought to be achieved in providing the representation (e.g., a CJA defendant in a criminal stock fraud case should be represented by CJA counsel at the defendant's deposition in a parallel civil fraud action for the limited purpose of advising him concerning his Fifth Amendment rights).

> Representation in an ancillary matter shall be compensable as part of the representation in the principal matter for which counsel has been appointed and shall not be considered a separate appointment for which a separate compensation maximum would be applicable under paragraph 2.22B of these **Guidelines**. A private panel attorney appointed under the Act may obtain through an ex parte application to the court, a preliminary determination that the representation to be provided in an ancillary matter is appropriate to the principal criminal proceeding and compensable under subsection (C) of the Act and this guideline. However, failure to obtain such a preliminary determination shall not bar the court from approving compensation for representation in an ancillary matter provided that the services and compensation related thereto are justified in a memorandum submitted by the attorney to the court at the conclusion of the principal criminal matter and the presiding judicial officer finds that such representation was appropriate.

(6)    Under 18 U.S.C. § 983(b)(1), if a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under 3006(a) of title 18, United States Code, in connection with a related criminal case, the court may authorize counsel to represent the person with respect to the claim.

Guide to Judiciary Policy and Procedures § 2.01(F) (bold in original).

## ANALYSIS

The Court has looked carefully at the language of the CJA and at the guidelines on appointment of CJA counsel that the Judicial Conference has promulgated. The Court concludes that neither the statute nor the guidelines permit the use of CJA funds for the appointment of counsel to represent a surety on an appearance bond for a criminal defendant. Thus, the Court declines to appoint counsel for Ms. Moreno. The Court also finds that the appearance bond should be forfeited and will issue a separate order on the merits of the United States' motion to forfeit the appearance bond.

By its terms, the CJA does not apply to this situation. Although the CJA lists a variety of

situations in which appointment of counsel is authorized, a proceeding against a surety on the forfeiture of an appearance bond is not one of them. The closest that the CJA comes to allowing for such an appointment is in subsection (C) of the statute, which reads: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(C). The CJA thus contemplates representation in ancillary proceedings, but it contemplates representation for persons otherwise provided counsel under the CJA in ancillary proceedings. Appointing counsel to Ms. Moreno for representation in her capacity as a surety on an appearance bond would significantly stretch the language of the CJA.

This result also finds support in the Judicial Guide. None of the circumstances in which the Judicial Conference states CJA funds should be used are present here. Some of the circumstances are similar to the forfeiture proceeding here. The Guide mentions civil forfeiture proceedings for example, see Guide to Judiciary Policy and Procedures § 2.01(F)(6), but a civil forfeiture proceeding involves a civil proceeding against a person's property arising out of criminal conduct. The Guide also mentions contributing to the defense of the main criminal charge, see id. § 2.01(F)(5)(ii), but forfeiture of the appearance bond will not impact the merits of the underlying criminal case against Duran-Moreno. In sum, the Court does not see that the CJA gives the Court the power to appoint counsel for Ms. Moreno here, nor does the Court view the Judicial Guide as endorsing such an approach.[1] The Court declines to appoint counsel for Ms. Moreno for the purpose of the bond forfeiture proceedings.

---

[1] The Court's CJA staff indicated to the Court that such appointments had been made in the past by other judges on the Court, but without specific information on those cases, the Court cannot comment on whether such appointments ever would be appropriate.

**IT IS ORDERED** that the United States' Motion for Show Cause Hearing and Forfeiture of Appearance Bond is granted, and the requests by Defendant Ricardo Duran-Moreno's counsel and by Isela Moreno that the Court appoint Ms. Moreno counsel to represent her in the hearing on the forfeiture of appearance bond are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties*:

Gregory J. Fouratt
  United States Attorney
Joel R. Meyers
Jon Stafford
  Assistant United States Attorneys
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Kari Converse
  Assistant Federal Public Defender
Albuquerque, New Mexico

   *Attorney for the Defendant*

Isela Moreno
Birmingham, Alabama

   *Pro se surety*